

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00686-CV

———————————————

ZEPHIA BRISCOE-STEWART (NOW WESLEY), Appellant

V.

CREDIT ACCEPTANCE CORPORATION, Appellee

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2025-005546-3

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

Pro se appellant Zephia Briscoe-Stewart (now Wesley) appeals the denial of her motion to compel arbitration, complaining that the trial court abused its discretion by denying her motion "solely on the basis of alleged untimeliness" and contending that the Federal Arbitration Act (FAA) requires enforcement of an arbitration agreement absent a showing of waiver or prejudice.[1] Because the record reflects that the trial court could have reasonably found waiver, we overrule her two issues, affirm the trial court's order, and remand the case for further proceedings.

## II. Background

The parties litigated the case in the justice court from December 2024 to July 2025. From July to December 2025, they litigated the case de novo in the county court at law. The arbitration clause at issue, in pertinent part, "describes how a Dispute (as defined below)[2] may be arbitrated" and states,

---

[1]We note, as a matter of procedural curiosity, that Wesley's brief is substantively the same as the briefs filed by pro se appellant Eric L. Wesley in appellate cause numbers 02-25-00627-CV and 02-25-00629-CV.

[2]The agreement defined "dispute" as

any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract

2

Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies.

. . . .

If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute.

. . . .

. . . . This Arbitration Clause is governed by the FAA and not by any state arbitration law.[3]

## A. Justice court proceedings

Appellee Credit Acceptance Corporation (CAC) filed a petition in justice court to recover a $15,520.28 deficiency after it repossessed Wesley's car and sold it at auction. To the petition, CAC attached the 2018 retail installment contract under which it sought recovery from Wesley. The contract's first page notified the parties that it contained an arbitration clause with full terms and conditions on page five, and it contained a space for the buyer to initial to confirm that she had "read, underst[ood,] and agree[d] to the terms and conditions in the Arbitration Clause." The space contained Wesley's electronic initials, as did the bottom of page five.

claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.

[3]"Texas courts applying the FAA follow Texas [procedure] rather than federal procedure." *In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2006) (orig. proceeding).

Two days after CAC filed its petition, Wesley filed an answer. Her answer, supported by her unsworn declaration, entered a general denial and raised the affirmative defenses of contributory negligence, failure of consideration, laches, res judicata, and limitations. She also reserved the right to file an amended answer to plead additional verified pleas, affirmative defenses, claims, cross-claims, or third-party claims after discovery and asked for a take-nothing judgment as to CAC.

Three days after that, Wesley filed a motion to dismiss with prejudice, complaining that CAC had not validated the debt in court and had failed to respond to her discovery requests in a prior justice-court case that CAC had filed against her. She also asserted that CAC's lawsuit was frivolous.

Around three months later, in March 2025, Wesley filed her second motion to dismiss, asserting that she had not received sufficient service of process. A week later, CAC filed a business-records affidavit to sponsor its sixteen pages of evidence.

Eight days after CAC filed its business-records affidavit, Wesley filed her third motion to dismiss, asserting that CAC had failed to provide sufficient admissible evidence because it had submitted "only a copy of an electronic original as proof of the alleged debt." The trial date was reset from May 21 to July 7.

On July 7, the justice court awarded judgment to CAC. Wesley then perfected a de novo appeal in the county court at law. *See* Tex. R. Civ. P. 506.1; *see also* Tex. R. Civ. P. 506.3 ("A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial.").

4

**B. County-court-at-law proceedings**

Two weeks after perfecting her appeal, at the end of July, Wesley filed a brief in the county court at law, raising complaints about the justice-court proceedings but making no argument that the parties should be sent to arbitration.

A month after filing her de novo appeal, Wesley filed a motion for default judgment and alternatively sought dismissal of CAC's suit for want of prosecution, complaining that CAC had not responded to her de novo appeal. A week after she filed her motion, the trial court ordered the parties to mediation.

Not quite two months later, in October 2025, Wesley—for the first time—moved to compel arbitration. To her motion, she attached page five of the same contract CAC had attached to its justice-court petition. While Wesley's motion was pending, CAC filed a response to her motion to dismiss, asserting that there was no basis for dismissal. Wesley replied to the response eight days later. The day after Wesley filed her reply, the mediator notified the trial court that the case had not settled, and the day after that, the trial court set the matter for trial during the week of January 12, 2026. Wesley then set her motion to compel arbitration for a hearing on November 21, 2025.

The trial court heard Wesley's motion to compel arbitration on November 21, but no reporter's record was made of the hearing. The trial court signed an order denying Wesley's motion on December 3 that recites the denial but sets out no reason

for the denial.[4] Wesley then brought this interlocutory appeal, *see* Tex. Civ. Prac. & Rem. Code § 51.016, which stayed the trial-court proceedings.

### III. Discussion

In two issues, Wesley complains that the trial court abused its discretion by denying her motion "solely on the basis of alleged untimeliness" and that the FAA requires enforcement of the arbitration agreement absent a showing or finding of waiver or prejudice. She asserts, "The trial court made no finding that [she] waived

---

[4]The docket notes in the case summary cryptically state, "Heard Ds mtn to arbitrate. Untimely as case on appeal." Wesley argues, without citation to the record, that the trial court denied her motion, "stating that it was untimely" and "solely because it believed the motion was filed too late." When an order does not specify its grounds for denial, an appellant seeking reversal must negate the validity of each ground on which the trial court could have granted the motion because a written order that does not specify grounds controls over any oral pronouncement made by the trial court during the hearing or docket notations. *See OEP Holdings, LLC v. Rodriguez*, No. 08-18-00226-CV, 2020 WL 5814104, at *6 (Tex. App.—El Paso Sept. 30, 2020, no pet.) (applying rule to order denying motion to compel arbitration); *see also Sana Healthcare Carrollton, LLC v. Metrocrest Hosp. Auth.*, No. 02-25-00183-CV, 2026 WL 706437, at *6 (Tex. App.—Fort Worth Mar. 12, 2026, pet. filed) (applying rule to summary-judgment order); *Gunn v. Sandalwood Mgmt. Inc.*, No. 02-23-00254-CV, 2024 WL 2202019, at *2 (Tex. App.—Fort Worth May 16, 2024, pet. denied) (applying rule to Rule 91a order). This is so that litigants and the appellate court have a single place to look to determine the basis for the trial court's ruling, rather than requiring these parties to parse other documents to determine an order's bases. *OEP Holdings*, 2020 WL 5814104, at *7; *see Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 426 (Tex. App.—Texarkana 2002, no pet.) (op. on reh'g) (explaining that the rule keeps parties and the court from being "forced to parse statements made in letters to the parties, at hearings on motions for summary judgment, on docket notations, and/or in other places in the record").

arbitration and no finding that [CAC] suffered prejudice. Because prejudice is a required element of waiver,[5] the trial court misapplied the law and abused its discretion."

CAC filed an appellee's brief after receiving an extension. In its brief, CAC argues that the county court at law properly denied Wesley's motion as untimely because she had substantially invoked the judicial process in a manner inconsistent with the right to compel arbitration through her numerous motions to dismiss, none of which were based on the right to arbitrate, and that her tactical decision to seek arbitration on the eve of trial "is inherently unfair and would cause detriment or prejudice to [CAC] in

---

[5]The United States Supreme Court has held that under the FAA, waiver of the right to arbitrate cannot be conditioned on a showing of prejudice. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417–18, 142 S. Ct. 1708, 1713 (2022) ("[T]he FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules."). Our supreme court, on the other hand, has yet to address whether prejudice is still required under Texas law to find waiver. *See Complete Solar, Inc. v. Phu*, No. 08-26-00024-CV, 2026 WL 1579342, at *14 (Tex. App.—El Paso June 2, 2026, no pet. h.) (noting that Texas appellate courts currently appear to be split on the issue); *cf. Cerna ex rel. R.W. v. Pearland Urban Air, LLC*, 714 S.W.3d 585, 591 n.30 (Tex. 2025) (citing *Morgan* for the proposition that a "court must hold a party to its arbitration contract just as the court would to any other kind" but within context of delegating dispute to arbitrator and not discussing waiver); *Ferguson Braswell Fraser & Kubasta, P.C. v. SAF Oilfield I, LLC*, No. 02-22-00171-CV, 2023 WL 415616, at *13 n.17 (Tex. App.—Fort Worth Jan. 26, 2023, no pet.) ("Because we hold that FBFK and Roy did not substantially invoke the judicial process, we need not address the parties' arguments regarding the prejudice requirement and *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022)."). We will follow our sister court's lead in continuing "to apply the prejudice standard out of an abundance of caution in the absence of any indication from the Texas Supreme Court that prejudice is no longer required under Texas law." *Complete Solar, Inc.*, 2026 WL 1579342, at *15 (citing *TAC Total Automation Controls, Inc. v. MSC Indus. Supply*, No. 08-24-00150-CV, 2025 WL 2918845, at *11 n.13 (Tex. App.—El Paso Oct. 14, 2025, no pet.)).

terms of delay and expense." Specifically, CAC points out that Wesley had known about the arbitration provision "as far back as 2018," when she signed their contract but that she had nonetheless sought to dispose of the claim on the merits through the judicial process.

We review a trial court's order denying a motion to compel arbitration for an abuse of discretion. *Wagner v. Apache Corp.*, 627 S.W.3d 277, 283 (Tex. 2021). Under Texas law, the trial court conducts a summary proceeding—based on the parties' affidavits, pleadings, discovery, and stipulations—to determine an arbitration clause's applicability. *Leland Pennington, Inc. v. Bulls*, No. 02-20-00282-CV, 2021 WL 832690, at *2 (Tex. App.—Fort Worth Mar. 4, 2021, no pet.). The record must be construed in a light favorable to supporting the trial court's ruling. *Id.* at *5. We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). And if the trial court did not state a basis for its ruling in the order denying the motion to compel arbitration, we must uphold that ruling on any legal theory supported by the evidence. *Estrada v. 12291 CBW, LLC*, No. 02-21-00154-CV, 2021 WL 4472612, at *3 (Tex. App.—Fort Worth Sept. 30, 2021, no pet.).

The arbitration clause at issue here references the FAA. Under the FAA, a party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the agreement's scope. *Lennar Homes of Tex. Land & Constr., Ltd. v. Whiteley*, 672 S.W.3d 367, 376 (Tex. 2023). If the party

8

seeking to compel arbitration establishes the existence of a valid arbitration agreement covering the claims, then the burden shifts to the opponent to raise an affirmative defense to enforcing arbitration. *Frost Bank v. Sturdi Packaging, Inc.*, No. 02-23-00383-CV, 2025 WL 728105, at *5 (Tex. App.—Fort Worth Mar. 6, 2025, pet. denied). Affirmative defenses to enforcing an arbitration clause include waiver through substantially invoking the judicial process and estoppel. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12 (Tex. 2015) (discussing express and implied waiver as defenses to arbitration); *Perry Homes v. Cull*, 258 S.W.3d 580, 593 (Tex. 2008) (noting, as to estoppel, that "a party who enjoys substantial direct benefits by gaining an advantage in the pretrial litigation process should be barred from turning around and seeking arbitration with the spoils").

Here, the trial court's order does not state any basis for the denial, and the court reporter has informed this court that no reporter's record was made of the November 21, 2025 hearing, despite the indications in the hearing request and hearing notice filed by Wesley that this would be an evidentiary hearing. Accordingly, nothing that we may consider, *see OEP Holdings, LLC*, 2020 WL 5814104, at *6, supports Wesley's contention that the trial court "denied arbitration solely because it believed the motion was filed too late." *Cf. Famous Water Co. v. Aquio Sols. Intermediate Holdings, LLC*, No. 02-23-00329-CV, 2024 WL 2971686, at *2 (Tex. App.—Fort Worth June 13, 2024, no pet.) (noting that the trial court's order denying the motion to compel arbitration was based on "[t]he reasons set forth" in the opponent's filings and briefing). The

record also does not reflect what—if any—affirmative defenses might have been raised or proved by CAC to defeat Wesley's request for arbitration because CAC did not file a response to Wesley's motion in the trial court. But we infer from the parties' briefing that waiver—substantial invocation of the judicial process and prejudice—may have been the trial court's basis for the denial; without the reporter's record, we cannot say that the arguments and any evidence presented at the hearing do not support such a finding.

Further, even aside from what may have been presented at the hearing, we cannot say from the record we have before us that the trial court abused its discretion. As set out above, from the day Wesley initialed the arbitration clause on April 10, 2018—as set out in the contract, argued by CAC, and implicitly acknowledged by Wesley through her own attachment of the arbitration agreement on October 10, 2025 to her motion—Wesley has been on notice of the availability of arbitration for this dispute. But she did not seek to arbitrate until October 10, 2025, when she had already lost in the justice court three months before, had filed a variety of substantive and procedural motions in the county court at law, and was facing a January trial date. That is, the trial court reasonably could have concluded that she had substantially invoked the judicial process and that CAC would be prejudiced by being sent to arbitration at such a late date on a simple claim that should have been fairly straightforward to resolve quickly. *See Estrada*, 2021 WL 4472612, at *7 (upholding denial of motion to compel arbitration when nonmovants argued in part that after much

10

delay and adverse rulings movants "seek to switch judicial horses with a fresh start on their claims in arbitration"). We overrule both of Wesley's issues.

## IV. Conclusion

Having overruled both of Wesley's issues, we affirm the trial court's order and remand the case for further proceedings.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: July 16, 2026